Hillsborough,
No. 4861.

FERNAND MICHAUD & a.

*v.*

P & M MANUFACTURING CO., INC. & a.

Argued October 4, 1960.

Decided October 28, 1960.

*Green, Green, Romprey & Sullivan (Mr. Samuel Green* orally), for plaintiff Fernand Michaud.

*Sheehan, Phinney, Bass, Green & Bergevin (Mr. Bergevin* orally), for the defendants.

LAMPRON, J. Defendants' motion to dismiss was based on the ground among others that the plaintiffs failed to prove any agreement that the defendants were to pay the expenses of Fern Mfg. Co. or to indemnify the plaintiffs therefor or that they acted as agents for undisclosed principals, and on the further basis that plaintiffs failed to show they lacked an adequate remedy at law. As this motion was made at the close of plaintiffs' case it raised the issue of the sufficiency of the evidence to support the allegations of their bill. *Langdon* v. *Sibley,* 100 N. H. 373, 375.

Michaud testified that defendant Spilios as spokesman for the other defendants told him that they wanted to form a "dummy corporation" in Nashua to get away from union problems in Manchester and to give them a chance to bid on contracts at a lower price. He asked Michaud to work for them and defendants put in all the money, nineteen hundred and eighty dollars, to form Fern Mfg. Co. He further testified that P & M handled the negotiations for the lease to Fern's place of business in Nashua and also owned the machinery used there for which Fern paid nothing. P & M set the figures at which Fern billed for work done, decided what accounts Fern would take on and furnished money to it when needed. Michaud received instructions from the defendants by telephone, in person or by notes. He also testified that defendants furnished money for the last two payrolls before Fern closed operations and that when he was sick defendant Plamondon handled the plant and took the keys to it when it closed.

Gilman, now deceased, a public accountant for 35 years, testified that he was approached by defendant Spilios to be "one of the quorum" to form a corporation to operate as a non-union project in Nashua. Later he met Michaud, whom he had never seen before, at the office of Spilios' attorney, James B. Sullivan, Esq., who prepared the incorporation papers and turned over to him a check for $1,980 with which Fern Mfg. Co. was started.

There was also uncontradicted evidence that Fern Mfg. Co.

became a corporation on July 17, 1956, with the plaintiffs and said Sullivan as it incorporators and directors. During all the time it operated, from July 1956 to December 1957, Michaud acted as its president and treasurer and was there every day but for two weeks when he was ill. By vote of the corporation all of Fern's checks were signed by Michaud and Gilman who was assistant treasurer.

Michaud had and exercised the right to hire and fire employees. The rent under the lease was paid directly to the landlord by Fern. The plaintiffs endorsed personally a note to a Nashua bank by which Fern borrowed one thousand dollars. Plaintiffs solicited business for the corporation and at least once a week would get together and determine what bills should be paid by Fern. Gilman made whatever payments were made by Fern to the Director of Internal Revenue and Michaud negotiated an agreement with an agent of that department when difficulties arose.

Taking all of the evidence as true and construing it most favorably to the plaintiffs (*Stabrow* v. *Stabrow*, 96 N. H. 74, 75) it shows that there was a very close relationship between the plaintiffs, Fern Mfg. Co., Inc. and the defendants. However the evidence is uncontradicted that Fern Mfg. Co., Inc. was a separate business corporation and that none of the defendants was an incorporator, director or officer thereof. The evidence is also conclusive that the plaintiffs and Sullivan were its only incorporators and directors and Michaud and Gilman its sole officers. As its president, treasurer and assistant treasurer, the latter two had the full power and authority to manage and operate its affairs and control its finances.

In order to prevail the plaintiffs had the burden of proving that they acted as agents for the defendants in establishing and conducting Fern Mfg. Co., Inc. or the existence of an agreement by virtue of which the defendants were to pay the bills of that company, or indemnify the plaintiffs for any liability which they might incur because of their connection with or activities on behalf of that corporation. *Kachanian* v. *Kachanian*, 100 N. H. 135, 138. The record fails to establish that the plaintiffs sustained this burden and the order must be

*Exception overruled.*

All concurred.